GEORGE NOLTE, RESPONDENT, v. SALVATORE NANNINO AND GIOVANNINA NANNINO, HIS WIFE, APPELLANTS.

Argued Ocober 23, 1930—Decided May 18, 1931.

For the appellants, *Edward A. Merrill.*

For the respondent, *Edward Sachar.*

The opinion of the court was delivered by

CAMPBELL, J. This is an action on a lien claim and the complaint sets forth all the necessary allegations, under the statute, entitling the plaintiff, lien claimant, to the recovery of a judgment, specially against the lands of the defendants, owners, described in the lien claim and in the complaint. The defendants below, the owners of the lands, answered admitting the making of the contract with the general contractor, one Perrucci, for the erection of the building upon their lands; putting the plaintiff to proof of the execution of the contract between said general contractor and the plaintiff for the plumbing work; that such work was completed and that a balance of $170, the amount sued for, remained due and unpaid and that the plaintiff, lien claimant, had a judgment against the general contractor for such balance of $170, the amount liened and sued for. The defendants below, appellants here, admitted that the plumbing work was fully completed as called for by the contract between

themselves and their general contractor, but their answer contained the formal defense permitted by section 24 of the Mechanics' Lien act (3 *Comp. Stat., p.* 3309), viz., "defendants deny that said alleged debt is a lien upon the building and land described in the complaint and as an affirmative and separate defense defendants plead that said building and land are not liable for said alleged debt." Upon the filing of such answer the plaintiff below gave notice of a motion to strike the answer because it was sham or frivolous and upon a hearing upon such motion filed an affidavit showing that he, the said plaintiff, was a subcontractor, under the general contractor, for the doing and performing of the plumbing work; that his total contract price was $1,350; and that there remained a balance due him of $170, for which he had obtained a judgment against the general contractor; that his work was fully completed under his contract and that he had demanded payment of the balance of $170 due him and that it had not been paid; that his last work was done within four months prior to filing his lien claim; that the work and material sought to be recovered for were actually performed and used in the construction of the building located upon the premises described in his lien claim, and that although the contract with the general contractor was made by the defendant, Salvatore Nannino, and the title to the lands were in that party and his wife, nevertheless his wife consented thereto.

The defendants below filed no counter-affidavits, and, in fact, refused to make and file any, admitting that if the facts as set forth in the plaintiff's affidavit were true he was entitled to have judgment.

The Circuit Court judge to whom the application was made thereupon made an order striking out the answer and for summary judgment.

From such judgment the defendants below appeal and urge, for reversal, several reasons, as follows:

1. The answer was not sham because section 24, Mechanics' Lien act (3 *Comp. Stat., p.* 3309), provides: "The owner or mortgagee may plead that said building or land are not

liable to said debt, and in such case it shall be necessary for the plaintiff, to entitle him to judgment against the building and lands, to prove that the provisions of this act, requisite to constitute such lien, have been complied with;" and that, as this is a defense permitted by statute, it cannot be stricken out but the defendants are entitled to have it established by and to the satisfaction of, a jury.

2. Being a defense permitted by statute it cannot be frivolous.

3. That such a plea is not subject to a motion to strike.

4. That such a plea requires the plaintiff to go forward with his proof.

5. That the judgment is in violation of the defendants' constitutional right of jury trial.

6. The court was without jurisdiction to order the entry of a special summary judgment. An action *in rem* to make the debt of another out of defendants' land is not within the statute or rules of the court.

7. The judgment deprives the defendants of their property without due process of law.

The Practice act of 1912 (*Pamph. L.* 1912, *p.* 394) rules 57, *et seq.*, provides—rule 57: "When an answer is filed in an action brought to recover a debt or liquidated demand arising;

"(a) Upon a contract express or implied, sealed or not sealed; or

"(b) Upon a judgment for a stated sum; or

"(c) Upon a statute;

the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

Rule 58: "The motion to strike out shall be made upon affidavit of the plaintiff or that of any other person cognizant of the facts, verifying the cause of action and stating the amount claimed and his belief that there is no defense to

the action." An action upon mechanics' lien claim is clearly an action embraced in the foregoing statute and rules.

Now, a defense is not frivolous where it is a legal one, based upon admitted facts or facts which are clearly in dispute. *In re Beam,* 93 *N. J. Eq.* 593; *Sculthorpe* v. *Commonwealth Casualty Co.,* 98 *N. J. L.* 845; *Fidelity* v. *Wilkesbarre, &c., Railroad Co.,* 98 *Id.* 507; *Milberg* v. *Keuthe,* 98 *Id.* 779.

In such a proceeding as that before us this defense is permitted by the statute and, therefore, cannot be said to be frivolous unless the facts upon which it is based are untrue.

The order striking out the answer in this case does not give frivolousness as the ground for such striking. The question then is, was it sham? that is, untrue?

The sufficiency of the answer, in law, depended entirely upon an answer to this question finding that the facts asserted by the plaintiff were untrue or in such dispute as to require a determination by a jury.

The proofs before the judge were entirely those of the plaintiff below and complete as to all items necessary to establish his right to have a judgment, if true, or not contested in fact.

As has been before stated this affidavit and the facts set up by it were not contested by the defendants, and this entitled the plaintiff to judgment.

"A frivolous or sham plea may be stricken out, upon proper affidavit in support of a motion for that purpose, unless the defendant, by affidavit or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend." *Eisele and King* v. *Raphael,* 90 *N. J. L.* 219; *Danenhower* v. *Birch, Jr.,* 97 *Id.* 193; *Lembeck* v. *Krause,* 94 *Id.* 219.

In the present proceeding there were no affidavits, or other proofs, upon the part of the defendants below in anywise contesting the truth of the alleged facts contained in the affidavit of the plaintiff.

Under such circumstances the judge hearing the matter could not do otherwise than he did—find such facts to be established as true.

As to the insistence of appellants that the proceeding, and resulting judgment, were ... v .. on of their **constitutional** right of trial by jury, that question is answered in the negative and definitely set at rest by *Eisele and King* v. *Raphael, supra,* and *Coykendale* v. *Robinson,* 39 *N. J. L.* 98.

Nor is there anything, of legal substance, that the proceeding in question was erroneous because the judgment under review, if permitted to stand, is a lien upon the lands of the defendant owners, for a debt not due the plaintiff-respondent, because of any direct undertaking of the defendants, but by and through a contract with a third person, the general contractor of the appellants, and made a lien upon their lands by operation of statute.

There is nothing occult or mysterious about a mechanics' lien claim or a proceeding and resulting judgment thereunder so far as it affects the lands of an owner. It is simply a lien or right of lien, accorded to the furnishers of materials and labor, imposed by statute, when the conditions and prerequisites fixed by the statute are shown to exist or to have taken place. This seems to be settled in this court by *Vreeland* v. *Knickerbocker,* 75 *N. J. L.* 551 (at *p.* 556), where it is held: "The plea of the present plaintiffs in error, that the said building and lands were not liable, simply imposed upon the claimant the burden of establishing that, as against their interests in the building and lands, the provisions of the act requisite to constitute the lien had been complied with."

Neither do we find anything of substance in the suggestion (because, as such, it must be viewed, for the reason that appellants bring no authority in support thereof to our attention) that the proceeding under review deprives them of their property without due process of law, with respect to which there is a constitutional guaranty.

This court has held in *Gardner and Meeks* v. *New York Central,* 72 *N. J. L.* 257, and *Snyder* v. *New York Central,* 72 *Id.* 262, that the Mechanics' Lien act does not trespass upon, or do violence to, this constitutional guaranty.

In *Pennoyer* v. *Neff,* 95 *U. S.* 714, it is declared that this

constitutional provision as applied to judicial proceedings means "a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights."

To this must be added only that the party to be bound must have been brought into the jurisdiction of such tribunal by proper service and that such principles apply equally to personal actions and actions *in rem,* differing only in the requirements as to sufficiency of service in such actions.

We are entirely unable, therefore, to see how in the present proceeding, the appellants were deprived of this constitutional right respecting their property.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.